Daniel J. Morse (WY Bar # 7-4770)
Assistant United States Trustee, District of Wyoming
PATRICK S. LAYNG
UNITED STATES TRUSTEE
REGION 19
308 West 21st Street, Room 203
Cheyenne, WY 82001
(307) 772-2793

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PROSPECT SQUARE 07 A, LLC, | ) | Case No. 14-10896-EEB |
| PROSPECT SQUARE 07 B, LLC, | ) | Case No. 14-10897 EEB |
| PROSPECT SQUARE 07 C, LLC, | ) | Case No. 14-10899 EEB |
| PROSPECT SQUARE 07 D, LLC, | ) | Case No. 14-10900 EEB |
| PROSPECT SQUARE 07 E, LLC, | ) | Case No. 14-10902 EEB |
| | ) | |
| Debtors. | ) | *Chapter 11* |
| | ) | *Jointly Administered Under* |
| | ) | *Case No. 14-10896-EEB* |
| _____ | ) | |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS THESE
### CHAPTER 11 CASES PURSUANT TO 11 U.S.C. § 1112(b)

The United States Trustee, through counsel, files this motion for entry of an order dismissing the above-captioned chapter 11 cases pursuant to § 1112(b) of the Bankruptcy Code (the "**Motion**"), and in support thereof respectfully states and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On January 29, 2014, Prospect Square 07 A LLC, Prospect Square 07 B LLC, Prospect Square 07 C LLC, Prospect Square 07 D LLC, and Prospect Square 07 E LLC (collectively, the "**Debtors**") filed voluntary petitions in this Court for relief under chapter 11, Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "**Bankruptcy Code**").

3. The United States Trustee has not appointed a committee of unsecured creditors in Debtors' cases.

4. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, Debtors continue to operate their business and manage their affairs as a "debtor-in-possession."

## STANDING

5. Pursuant to 28 U.S.C. § 581(a)(19), the United States Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the United States Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

6. Under § 307 of the Bankruptcy Code, the United States Trustee has standing to be heard on the issues raised by this Motion.

## RELIEF REQUESTED

7. By this Motion, the United States Trustee respectfully requests that this Court enter an order dismissing the above-captioned chapter 11 cases pursuant to § 1112(b) of the Bankruptcy Code.

## BASIS FOR RELIEF

8. Section 1112(b) of the Bankruptcy Code provides for the dismissal of bankruptcy cases "for cause," and describes a variety of factors which may constitute "cause" for the dismissal of a chapter 11 case. See 11 U.S.C. § 1112(b). "Cause" under § 1112(b) of the Bankruptcy Code is a flexible concept. In re Pacific Rim Investments, LLP, 243 B.R. 768, 772 (D. Colo. 2000). Where an action under § 1112 of the Bankruptcy Code is brought, movant bears the burden of proving by preponderance of

evidence that cause exists. In re Woodbrook Associates, 19 F.3d 312, 317 (7th Cir. 1994). In this case, that standard can be satisfied.

9. Cause exists for the dismissal of this case under 11 U.S.C. § 1112(b)(4)(A) of the Bankruptcy Code which provides that "the term "cause" includes — (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Section 1112(b)(4)(A) of the Bankruptcy Code is read in the conjunctive so that the moving party must demonstrate that there is both a (1) continuing loss to or diminution of estate assets and (2) an absence of a reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A). The first part, loss and diminution, considers whether the debtor has suffered or continues to experience a negative cash flow, or, alternatively, declining asset values. In re Wahlie, 417 B.R. 8, 11 (Bankr. N.D. Ohio 2009). The second part considers whether there is any reasonable likelihood that the debtor will be able to stem the debtor's losses and place the debtor's business enterprise back on a solid financial footing within a reasonable amount of time. Id.

10. Applied to this case, the foregoing elements of § 1112(b)(4)(A) of the Bankruptcy Code can be satisfied. First, there is evidence of a substantial and continuing loss to the bankruptcy estate. As a result of the Order granting the motion for relief from stay on Debtors' primary asset dated February 17, 2015 (Doc. No. 214) there appears to have been a substantial diminishment of the bankruptcy estate. Further, the continued accrual of administrative expenses, including U.S. Trustee quarterly fees and professional fees, is also diminishing the bankruptcy estate.

11. With respect to the second component of § 1112(b)(4)(A) of the Bankruptcy Code, courts have noted that a useful indicator regarding a debtor's chance for rehabilitation is whether the debtor will be in a position to have a chapter 11 plan of reorganization confirmed. In re Wahlie, 417 B.R. 8, 12 (Bankr. N.D. Ohio 2009). Debtors' cases have been pending for over fifteen (15) months and Debtors have not obtained confirmation of a chapter 11 plan. Also, the entry of the Order granting the motion for relief from stay on Debtors' primary asset leaves Debtor unable to rehabilitate itself. These facts constitute "cause" sufficient to dismiss this chapter 11 case under § 1112(b) of the Bankruptcy Code.

12. Dismissal of this case, rather than conversion to a chapter 7 case, is appropriate as there appears to be no assets that can be administered for the benefit of the unsecured creditors.

## **CONCLUSION**

WHEREFORE, the United States Trustee requests that the Court dismiss the above-captioned chapter 11 case under § 1112(b) of the Bankruptcy Code and enter the proposed order attached hereto as **Exhibit A** and for such other and further relief as the Court deems just and appropriate.

Dated: May 13, 2015.

    Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE
REGION 19

  /s/ Daniel Morse
By: Daniel J. Morse
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001
Direct Line: 307-772-2793
Fax: 307-772-2795

# EXHIBIT A
# PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PROSPECT SQUARE 07 A, LLC, | ) | Case No. 14-10896-EEB |
| PROSPECT SQUARE 07 B, LLC, | ) | Case No. 14-10897 EEB |
| PROSPECT SQUARE 07 C, LLC, | ) | Case No. 14-10899 EEB |
| PROSPECT SQUARE 07 D, LLC, | ) | Case No. 14-10900 EEB |
| PROSPECT SQUARE 07 E, LLC, | ) | Case No. 14-10902 EEB |
| | ) | |
| Debtors. | ) | *Chapter 11* |
| | ) | *Jointly Administered* |
| | ) | *Under* |
| | ) | *Case No. 14-10896-EEB* |
| _____ | ) | |

## ORDER GRANTING THE UNITED STATES TRUSTEE'S
## MOTION TO DISMISS
_____

This matter came on before the Court on the United States Trustee's Motion to Dismiss. The Court finding that notice of that motion has been adequate and good cause has been shown for granting that motion:

**IT IS ORDERED** that the above-captioned cases be, and are hereby, dismissed.

Dated:_____

By the Court:

_____
The Honorable Elizabeth E. Brown
United States Bankruptcy Judge